JAMES F. McKAY III, Judge.
| t Kurt Massey appeals his unqualified guilty plea to one count of possession of cocaine and his sentence of ten years as a second offender, requesting only a review of the record for errors patent. Finding no errors patent, we affirm his conviction and sentence.
The prosecution in this matter commenced on March 25, 2010, when the State filed a bill of information charging Kurt Massey and Quinn Massey[1] with one count each of possession of cocaine with the intent to distribute, a violation of La. R.S. 40:967(A). The appellant entered a not guilty plea at his arraignment on April 9, 2010. On April 26, 2010 the trial court denied the appellant’s motions to suppress evidence and a statement. On June 21, 2011, pursuant to a plea agreement, the State amended the bill of information to charge a violation of La. R.S. 40:967(0, simple possession of cocaine. The appellant withdrew his prior plea of not guilty and entered a plea of guilty as charged. The court imposed a sentence of five years at hard labor. Then, again pursuant to a plea agreement with the State, the appellant entered a guilty plea to a multiple bill of information in which the State averred that the appellant was a second offender, having been |2convicted of purse snatching on July 28, 1996, in case number 875-362. The trial court vacated the five year sentence and deferred sentencing on the multiple bill until August 31, 2011. On that date, as per the plea agreement, the court sentenced the appellant to ten years at hard labor pursuant to La. R.S. 15:529.1. On March 29, 2012, the trial court granted Kurt Massey’s pro se motion for an out of time appeal and for appointment of counsel. The court appointed counsel from the Louisiana Appellate Project to represent the appellant.
Because the appellant entered an unqualified [2] plea of guilty, there is no trial transcript in the record. The record does contain a copy of the pretrial motion hearing transcript. A review of that transcript reflects that there was a factual basis for the appellant’s guilty plea. More specifically, Officer Jason German of the New *646 Orleans Police Department Sixth District testified that, on February 24, 2010, he received information from a reliable confidential informant that a man named “Kurt” was engaged in selling narcotics from a house on St. Thomas Street. Detective German arranged for the informant to make a controlled purchase of narcotics at the location which he had indicated was being used by “Kurt.” Detective German then obtained a search warrant for the location, and in the process of doing so, he learned that a man, later identified as the appellant, Kurt Massey, lived at the targeted location. Also, Detective German learned that Kurt Massey drove a white Expedition. On the day that the warrant was to be executed, Detective German located the Expedition and conducted a stop of Kurt Massey. During the stop, the detective discovered a plastic bag containing cocaine in the | ¡¡vehicle. In the search of the residence pursuant to the warrant, officers found currency and paraphernalia consistent with drug trafficking, in particular cocaine.
By his sole assignment of error, Kurt Massey requests a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the record and found no trial court ruling that arguably supports the appeal. A copy of counsel’s brief was forwarded to Kurt Massey, and this Court informed him that he had the right to file a brief on his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal record. Kurt Massey was properly charged by bill of information with possession of cocaine in violation of La. R.S. 40:967; the bill of information was signed by an assistant district attorney. Kurt Massey was present and represented by counsel at arraignment, at the motion hearing, when he entered his guilty plea, and at sentencing. A review of the guilty plea transcript reflects that Kurt Massey was advised fully of his constitutional rights and that he knowingly and voluntarily [4waived those rights. The sentence imposed on the appellant as a second offender is legal in all respects.
Accordingly, because this Court’s review reveals no patent error and no non-frivolous issue or trial court ruling that requires reversal of the appellant’s conviction or sentence, we affirm Kurt Massey’s conviction and sentence. We also grant appellate counsel’s motion to withdraw.
AFFIRMED

. Quinn Massey subsequently entered a guilty plea to an amended charge; he did not appeal the guilty plea and sentence.

. See State v. Crosby, 338 So.2d 584 (La.1976), in which the court established that a defendant could expressly preserve for review on appeal an adverse pretrial ruling by entering a qualified plea of guilty. Here, the appellant did not enter a Crosby plea.